# EXHIBIT A

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DAJUAN DICKERSON,

Plaintiff,

v.

Case No. 22-        -CD

Hon.

WAYNE COUNTY COMMUNITY COLLEGE DISTRICT,
and DARRICK MUHAMMAD,

Defendants.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorneys for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone: (248) 540-6800
Fax: (248) 540-6814
sbatey@bateylaw.com

---

There is no other civil action between these parties
arising out of the same transaction or occurrence as
alleged in this Complaint pending in this Court nor has
any such action previously been filed and dismissed or
transferred after having been assigned to a Judge.

## PLAINTIFF'S COMPLAINT

NOW COMES, Plaintiff, DaJuan Dickerson (hereinafter "Plaintiff"), by and

through his attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for his

Complaint against Defendants states as follows:

1. Plaintiff is a resident of the City of Oak Park, County of Oakland, and State of Michigan.

2. Defendant, Wayne County Community College District (hereinafter "WCCCD") is a government entity duly authorized to operate as a public community college in the County of Wayne and State of Michigan, with a registered address of 801 West Fort Street, Detroit, MI 48826.

3. Defendant Darrick Muhammad (hereinafter "Muhammad") is a citizen of the State of Michigan, and at all times pertinent, worked at Defendant, Wayne County Community College District in Wayne County, Michigan.

4. The events producing the original injury occurred in Wayne County, Michigan.

5. Venue is proper in this court pursuant to MCL § 600.1621.

6. The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and jurisdiction and venue are otherwise proper in Wayne County.

7. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendants constituting discrimination, retaliation, and adverse employment actions which resulted in both economic and emotional damages to Plaintiff in violation of the Fourteenth Amendment under 42 USC § 1983, the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2201, *et seq.* (ELCRA), and

2

Title IX of the Education Amendments of 1972, as amended, 20 USC § 1681, *et seq.*, 34 C.F.R. § 106.31.

## GENERAL ALLEGATIONS

8.      Plaintiff incorporates by reference paragraphs 1 through 7 of the Complaint as though fully set forth herein.

9.      In or around March 2013, the Wayne County Community College District (WCCCD) Police Authority hired Plaintiff as a police officer.

10.     At all times relevant, Plaintiff worked under Director of Police Authority, Defendant Muhammad.

11.     In or around June 2015, Muhammad's secretary instructed Plaintiff to attend a meeting with Defendant WCCCD's Human Resources, and Counsel for Defendant WCCCD.

12.     Defendant WCCCD's Human Resources and Counsel asked Plaintiff questions about Sandra Lewis, a police officer who had been sexually harassed by Muhammad.

13.     Plaintiff gave statements that Muhammad sexually harassed multiple women whom he had authority over and took other illegal and unethical actions.

14.     Defendant Muhammad was aware that Plaintiff gave this testimony against him and retaliated against Plaintiff by denying Plaintiff the opportunity to be promoted.

3

15. In or around September 2015, Plaintiff applied for the open position of Corporal.

16. Plaintiff was qualified for this position.

17. Plaintiff was denied this promotion in retaliation for his testimony against Muhammad, and due to his sex/gender.

18. In or around 2018, Plaintiff received his bachelor's degree in criminal justice.

19. Between 2018 and 2020, Plaintiff applied and was qualified for approximately five of WCCCD's positions, including Corporal, Sergeant, and Lieutenant.

20. Plaintiff has been denied these promotions due to his testimony against Muhammad and his sex/gender.

21. Defendants promoted multiple less qualified, inexperienced, females without bachelor's degrees or any police experience over Plaintiff for positions Plaintiff applied for.

22. Plaintiff last applied for the promotion of Sergeant in or around 2020, which was denied.

23. Plaintiff had worked for Defendant WCCCD, for seven years when he was denied this promotion.

24.    At the time of these job applications, Plaintiff had both a bachelor's degree in Criminal Justice and seven years of experience with Defendant WCCCD.

25.    Defendants promoted an inexperienced female, LaDasha Luckett, who had just graduated high school, and had no policing experience over Plaintiff, who had a bachelor's degree in Criminal Justice and seven years of policing experience with Defendant.

26.    Defendant Muhammad dated LaDasha Luckett, and she lived at his house on the WCCCD campus.

27.    Defendants had an unofficial pattern and practice of promoting females with little to no police experience whom the Chief "flirted with" over male officers with significant police experience.

28.    Defendants promoted several inexperienced females over Plaintiff including, but not limited to, LaDasha Luckett, Cynthia Brown, Myke A-Littles, "Kashana Limitt," Kiera Cosby, and Tameka Barton.

29.    Defendant Muhammad retaliated against Plaintiff by writing him up and disciplining him for pretextual reasons.

30.    Defendant Muhammad retaliated against Plaintiff for Plaintiff's testimony of sexual harassment and because Plaintiff did not "play by Muhammad's rules" regarding Muhammad's sexual harassment of young females.

31.   Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

32.   From 2015 until 2020 Plaintiff was discriminated against due to his sex/gender and retaliated against due to his testimony against Defendant, Muhammad.

33.   Defendant's discrimination was ongoing and continuous.

34.   On August 11, 2020, Plaintiff was constructively discharged from his employment when no reasonable person in Plaintiff's position could have handled the hostile and intolerable environment at Defendant's workplace.

35.   Because of the unlawful conduct of Defendants, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

## COUNT I
## SEX/GENDER DISCRIMINATION IN VIOLATION OF ELCRA

36.   Plaintiff incorporates by reference paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37.   Plaintiff belongs to a protected class as a man.

6

38.   Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.210, *et seq.* (ELCRA), Plaintiff is guaranteed the right to be free from discriminatory treatment from his employer and/or supervisors based upon his sex/gender.

39.   Defendant WCCCD was Plaintiff's employer within the meaning of ELCRA.

40.   Plaintiff was subjected to discriminatory treatment including adverse employment action and/or a hostile work environment due to his sex/gender.

41.   Plaintiff's sex/gender was a factor in Defendants' decisions, actions, treatment, conduct and attitude towards Plaintiff, including Defendants' decision to not promote Plaintiff.

42.   Defendant created an offensive and hostile work environment against Plaintiff as a direct result of Plaintiff's sex/gender by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in sex/gender discrimination in the workplace;

   b. Subjecting Plaintiff to offensive language and comments based upon his sex/gender;

   c. Repeatedly promoting females with no police experience over Plaintiff;

   d. Taking adverse employment actions against Plaintiff based upon his sex/gender;

7

    e. Creating a hostile work environment for Plaintiff by discriminating against him, harassing him, and retaliating against him due to him sex/gender.

43. Defendants owed Plaintiff a duty to refrain from discriminating against him, retaliatory harassing him and treating him differently as a direct result of his sex/gender.

44. Defendants breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

45. As a direct and proximate result of the actions of Defendants, Plaintiff was the subject of discriminatory conduct on the part of Defendants.

46. Because of the unlawful conduct of Defendants, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment,

8

outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT II
## RETALIATION

47.     Plaintiff incorporates by reference paragraphs 1 through 46 of the Complaint as though fully set forth herein.

48.     Plaintiff's statements to Defendant WCCCD, Defendant WCCCD's HR, and Defendant WCCCD's Counsel regarding the sexual harassment case against Defendant Muhammad in 2015 constitute an activity protected under the Elliott-Larsen Civil Rights Act.

49.     WCCCD, by and through its officers, executives, supervisory personnel, agents, and/or employees, including but not limited to Defendant Muhammad, and Defendant Muhammad individually, took adverse employment action against Plaintiff after he gave statements regarding Defendant Muhammad's sexual harassment against Sandra Lewis.

9

50. WCCCD, by and through its officers, executives, supervisory personnel, agents, and/or employees, including but not limited to Muhammad, and Muhammad individually, took materially adverse employment action against Plaintiff after he gave statements regarding Defendant Muhammad's sexual harassment against Sandra Lewis.

51. The actions of WCCCD, by and through its officers, executives, supervisory personnel, agents, and/or employees, including but not limited to Chief Muhammad, and Chief Muhammad individually, were intentional, in deliberate disregard for the rights and sensibilities of Plaintiff.

52. As a direct and proximate result of WCCCD's actions, by and through its officers, executives, supervisory personnel, agents, and/or employees, and Chief Muhammad's actions, the terms, conditions and privileges of Plaintiff's employment were adversely affected.

53. Defendants' actions against Plaintiff continued up until August 11, 2020, when Plaintiff was constructively discharged.

54. As a further direct and proximate result of WCCCD's by and through its officers, executives, supervisory personnel, agents, and/or employees, and Chief Muhammad's wrongful acts and omissions, Plaintiff has suffered and will continue to suffer injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits;

10

consequential and other economic damages; mental anguish, physical and emotional distress; humiliation, outrage, and embarrassment; degradation, fright, and shock; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of choice, as well as other damages set forth in this Complaint.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT III
## VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER
## 42 USC § 1983

55. Plaintiff incorporates by reference paragraphs 1 through 54 of the Complaint as though fully set forth herein.

56. The Equal Protection clause of the Fourteenth Amendment of the US Constitution and federal law protects individuals against discrimination on the basis of their sex.

57. WCCCD, by and through its officers, executives, supervisory personnel, agents, and/or employees, and violated Plaintiff's clearly established constitutional rights and his rights under federal law when they engaged in retaliatory harassment and sex discrimination against Plaintiff.

11

58. WCCCD, by and through its officers, executives, supervisory personnel, agents, and/or employees, acted under color of state law when they violated Plaintiff's clearly established constitutional rights and his rights established under federal law when they engaged in retaliatory harassment and sex discrimination against Plaintiff.

59. WCCCD, by and through its officers, executives, supervisory personnel, agents, and/or employees, knew, or reasonably should have known, that WCCCD by and through its officers, executives, supervisory personnel, agents, and/or employees, and/or Chief Muhammad had engaged in retaliatory harassment and sex discrimination against WCCCD employees prior to Plaintiff.

60. WCCCD, by and through its officers, executives, supervisory personnel, agents, and/or employees took adverse employment actions against Plaintiff, including, but not limited to failing to promote him and constructively discharging him.

61. WCCCD is responsible for the violations of Plaintiff's constitutional rights and rights under federal law because Muhammad's actions resulted from WCCCD's custom, pattern, practice, and/or policy of failing to adequately train, investigate, and/or discipline its officers, executives, supervisory personnel, agents, and/or employees, from engaging in sexual and retaliatory harassment and discrimination against employees in violation of Michigan law, the Michigan

12

Constitution, the US Constitution, and federal law that amounted to deliberate indifference to the rights of its employees.

62. WCCCD, by and through its officers, executives, supervisory personnel, agents, and/or employees, and Muhammad, deprived Plaintiff of his clearly established constitutional right to equal treatment under the law provided by the Equal Protection Clause of the Fourteenth Amendment to the US Constitution.

63. WCCCD, by and through its officers, executives, supervisory personnel, agents, and/or employees, and Defendant Muhammad, deprived Plaintiff of his clearly established rights under federal law, Michigan law, and the US Constitution.

64. As a direct and proximate result of the Muhammad and WCCCD's acts and omissions, Plaintiff suffered damages, including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; consequential and other economic damages; mental anguish, physical and emotional distress; humiliation, outrage, and embarrassment; degradation, fright, and shock; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of choice, as well as other damages set forth in this Complaint.

65. In addition to compensation for the harms and losses outlined above, Plaintiff also seeks punitive damages to the extent permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT IV
## VIOLATION OF TITLE IX – AGAINST WCCCD

66. Plaintiff incorporates by reference paragraphs 1 through 65 of the Complaint as though fully set forth herein.

67. Defendant WCCCD is in receipt of federal funds and is subject to Title IX of the Education Amendments of 1972, as amended, 20 US § 1681, _et seq._ 34 C.F.R. § 106.31.

68. Defendant is prohibited from discriminating in any "program or activity receiving Federal financial assistance."

69. The sex-based harassment against Plaintiff was so severe, pervasive, and objectively offensive that it denied Plaintiff benefits provided by WCCCD.

70. Defendant WCCCD, through its officers, agents, and employees, had actual knowledge of the harassment against Plaintiff.

14

71.     Defendant WCCCD took no remedial actions and was deliberately indifferent to the harassment of Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $25,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

By: /s/ Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road, Suite 400
    Bingham Farms, Michigan 48025
    (248) 540-6800-phone
    (248) 540-6814-fax
    sbatey@bateylaw.com

Dated: September 6, 2022

15

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

DAJUAN DICKERSON,

    Plaintiff,

                                    Case No.  22-      -CD

v.

                                      Hon.

WAYNE COUNTY COMMUNITY COLLEGE DISTRICT,
and DARRICK MUHAMMAD,

    Defendants.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorneys for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
Phone: (248) 540-6800
Fax: (248) 540-6814
sbatey@bateylaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court nor has any such action previously been filed and dismissed or transferred after having been assigned to a Judge.

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, DaJuan Dickerson, by and through his attorneys,

Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury

on all issued allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, P.L.L.C.**

BY: /s/Scott P. Batey
  SCOTT P. BATEY (P54711)
  Attorney for Plaintiff
  30200 Telegraph Road, Suite 400
  Bingham Farms, MI  48025
  (248) 540-6800
  sbatey@bateylaw.com

Dated:  September 6, 2022

2

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>22-010540-CD<br>Hon.Leslie Kim Smith |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226          Court telephone no.: 313-224-2427

| Plaintiff's name(s), address(es), and telephone no(s)<br>Dickerson, DaJuan | v | Defendant's name(s), address(es), and telephone no(s).<br>Wayne County Community College District |
|---|---|---|

**Plaintiff's attorney, bar no., address, and telephone no**

Scott P. Batey 54711
30200 Telegraph Rd Ste 400
Bingham Farms, MI 48025-4506

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐_____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.          | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>9/6/2022 | Expiration date*<br>12/6/2022 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



| SUMMONS |
|---|
| Case No. : **22-010540-CD** |

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**  **OR**  ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____.
Signature